UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT GIDDING,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 15-cv-01176-HSG<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING MOTIONS FOR LEAVE TO AMEND AND RECONSIDERATION**<br><br>Re: Dkt. No. 111, 118, 119 |

Before the Court is Defendant Zurich American Insurance Company's ("Zurich") motion for summary judgment. Dkt. No. 111 ("Mot."). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b). For the reasons stated below, the Court **GRANTS** Zurich's motion.

## I.  BACKGROUND

### A.  Factual History

The following facts are undisputed.[1] After Plaintiff John Robert Gidding ("Plaintiff") lost a large jury verdict to Glendonbrook Wines Pty Ltd. ("Glendonbrook") in January 2010, Plaintiff sued his attorneys for malpractice. Dkt. No. 115-1 ("Gidding Decl.") ¶ 4. One of the attorneys was insured by a subsidiary of Zurich, which began negotiating a settlement with Plaintiff on his behalf. *Id.* ¶ 6. On September 7, 2011, Plaintiff and Zurich reached an agreement in principle to settle the malpractice action for $100,000. *Id.* ¶ 7.

---

[1] Zurich seeks judicial notice of orders from several state court actions filed by Plaintiff. Dkt. No. 112. The Court previously took notice of these documents to the extent that they were offered "(1) to explain the procedural posture of this action and (2) to establish what rulings the state courts made and when." Dkt. No. 96 at 5. The Court **GRANTS** Zurich's request for judicial notice with the same limitations.

In compliance with the settlement agreement, Zurich asserts that it issued a $100,000 settlement check payable to "John Gidding and Midshore Marketing LP" on September 15, 2011. Dkt. No. 111-1 ("Resnick Decl.") ¶ 5. Zurich informed Glendonbrook, which placed a judgment lien on the anticipated settlement proceeds. *See* Dkt. No. 101 ¶ 21. By October 30, 2011, Plaintiff had not received the settlement check or a signed copy of the settlement agreement from Zurich, so he "renounced" the settlement. Gidding Decl. ¶ 10, Ex. 6. In response, Zurich moved to enforce the settlement agreement in the state court hearing the malpractice action. *See id.*, Ex. 7. The state court found the agreement unenforceable on December 19, 2011. *See id.* Zurich moved for reconsideration. *Id.* ¶ 13. On February 14, 2012, the court reversed itself and found the agreement enforceable. Dkt. No. 112 ("RFJN"), Ex. 2. Following that decision, Zurich filed an information return with the IRS on May 1, 2012, declaring that it had paid Plaintiff $100,000 in 2011. Dkt. No. 111-2 ("Blake-Smith Decl.") ¶¶ 3-4.

### B. Procedural History

On February 3, 2015, Plaintiff filed this action against Zurich, Glendonbrook owners Thomas and Therese Smith, and seven other defendant corporations affiliated with Glendonbrook (collectively, "Defendants"). Dkt. No. 1-1 ("Compl."). Plaintiff asserted a claim against the Smiths for breach of contract, as well as claims against all Defendants for (1) filing false and fraudulent information returns under 26 U.S.C. § 7434; (2) intentional interference with contractual relations; (3) inducement of breach of contract; and (4) civil conspiracy. *Id.* On March 3, 2015, Zurich removed the action to this Court, Dkt. No. 1, and on November 9, 2015, the Court dismissed Plaintiff's claims with prejudice in part, and with leave to amend in part. Dkt. No. 77 at 16-17.

On December 12, 2015, Plaintiff amended his complaint, removing nine previously named defendants and naming Zurich, Glendonbrook, and an unidentified "John Doe" as defendants. Dkt. No. 80 ("Am. Compl."). Plaintiff asserted causes of action against (1) Zurich for filing a false and fraudulent information return under 26 U.S.C. § 7434; (2) Zurich and John Doe for intentional interference with contractual relations; and (3) Glendonbrook for breach of contract. *Id.* On December 23, 2015, Zurich and Glendonbrook each moved to dismiss the amended

2

complaint, Dkt. Nos. 81, 83. On August 2, 2016, the Court granted Glendonbrook's motion to dismiss with prejudice. Dkt. No. 96 at 15. The Court also dismissed Plaintiff's claim against Zurich and John Doe for intentional interference with contractual relations with prejudice. *Id.*

Plaintiff now asserts a single claim against Zurich for filing a false and fraudulent information return under 26 U.S.C. § 7434. Dkt. No. 80 ("Am. Compl."). Plaintiff contends that Zurich knew the information return it filed with the IRS, which stated that Zurich paid Plaintiff $100,000 in 2011, was false because Zurich withheld transfer of the settlement funds until 2014. Dkt. No. 115 ("Opp.") at 1. Zurich now moves for summary judgment, arguing that it filed an accurate return in compliance with the U.S. tax code. Mot. at 2.

## II. DISCUSSION

### C. Legal Standard

Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Only genuine disputes over material facts will preclude summary judgment; "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are those that may affect the outcome of the case. *Id.* A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.* "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254. The question is "whether a jury could reasonably find either that the [moving party] proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Id.* "[A]ll justifiable inferences must be drawn in [the nonmovant's] favor." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citation omitted). This is true where the underlying facts are undisputed as well as where they are in controversy. *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 541 (1992); *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009).

The moving party must inform the district court of the basis for its motion and identify those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if

3

any, that it contends demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Liberty Lobby*, 477 U.S. at 250. The opposing party need not show that the issue will be resolved conclusively in its favor. *Liberty Lobby*, 577 U.S. at 248-49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. *Id.*

**D.  Analysis**

Under 26 U.S.C. § 7434(a) a person may not "willfully" file a fraudulent information return with the IRS "with respect to payments purported to be made to any other person[.]" "The statute authorizes the person on whose behalf the fraudulent information return was filed to bring a civil action for damages against the person who filed it." *Gidding v. Zurich American Ins. Co.*, No-15-cv-01176-HSG, 2015 WL 6871990, at *5 (N.D. Cal. Nov. 9, 2015) ("*Gidding I*") (citing *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 569 (2d Cir. 2011)).

To prevail on a claim under § 7434(a), a plaintiff must prove that (1) the defendant filed an information return; (2) the information return was fraudulent; and (3) the defendant filed the fraudulent return willfully.[2] *Gidding I*, 2015 WL 6871990, at *5; *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014); *Katzman*, 660 F.3d at 568 ("The private right of action created by § 7434(a) applies only [i]f any person *willfully files* a fraudulent information return." (emphasis in original) (internal quotation marks omitted)).

Here, the parties agree that Zurich filed an information return with the IRS in May 2012. *See* Blake-Smith Decl. ¶¶ 3-4; Gidding Decl. ¶ 16. However, Plaintiff fails to establish any genuine issue of fact as to the second and third factors of his claim. With regard to the second factor, a showing of tax-related fraud requires proof of both falsity and intent to deceive. *See Cavoto v. Hayes*, No. 08 C 6957, 2010 WL 2679973, at *4 (N.D. Ill. July 1, 2010) (citing *Zell v.*

---

[2] For the purposes of § 7434(a), an "information return" refers to an enumerated list of statements filed with the IRS pursuant to the United States Tax Code. *See* 26 U.S.C. § 7434(f).

4

*C.I.R.,* 763 F.2d 1139, 1144 (10th Cir. 1985)). A plaintiff need not provide direct evidence of intent, *Maciel*, 489 F.3d at 1026, but courts typically require some indication of motive, such as avoidance of tax liability or harassment of taxpayers, neither of which is present here. *See, e.g, Katzman*, 660 F.3d at 569; *Sigurdsson v. Dicarlantonio*, No. 6:12-cv-920-Orl-TBS, 2013 WL 12121866, at *10 (M.D. Fla. Dec 11, 2013) (finding that a defendant's poor treatment of a plaintiff could establish the requisite intent for fraud, but that a mere violation of a duty of care could not).

Even assuming *arguendo* that Zurich's information return falsely reported the year of its settlement payment to Plaintiff's creditor,[3] Plaintiff offers no evidence suggesting that Zurich made an intentional misrepresentation. Such intent might have been established if Zurich had filed its information return in the window during which the settlement agreement had been found unenforceable, for example. *See Gidding v. Zurich American Ins. Co.*, No. 15-cv-01176-HSG, 2016 WL 4088865, at *7 (N.D. Cal. Aug. 2, 2016) ("*Gidding II*"). But the record shows that this did not occur, and Plaintiff cites no documentary evidence or testimony suggesting otherwise. *See* Blake-Smith Decl. ¶¶ 3-4. Plaintiff contends that Zurich's "bad faith" was manifested in (1) its failure to forward a copy of its information return in a "timely fashion," (2) its failure to complete the required "Gross Proceeds paid to an attorney" field on the return, (3) its failure to file a subsequent corrected return, and (4) its failure to withhold taxes on Plaintiff's settlement proceeds upon payment to his creditor. *See* Opp. at 13. However, while these omissions arguably could suggest (at most) negligence, they do not establish a genuine issue of fact as to whether Zurich intentionally filed a fraudulent return. Nor do they evidence any fraudulent motive. *See Katzman*, 660 F.3d at 569 (explaining that § 7434 was enacted to prevent harm to taxpayers by "persons intent on either defrauding the IRS or harassing taxpayers[ ]") (internal quotation marks and citations omitted).

For the same reason, Plaintiff also fails to establish that Zurich willfully filed a fraudulent information return. Willfulness, like fraudulence, requires wrongful intent in the context of

---

[3] Zurich does not cite any evidence demonstrating that it transferred Plaintiff's settlement proceeds in 2011 as stated on its information return. *See, e.g.,* Gidding Decl., Ex. 20. Nor does it cite authority to support its argument that Plaintiff earned the $100,000 in 2011 merely by negotiating the settlement. *See* Mot. at 7.

§ 7343. *See Pitcher v. Waldman*, No. 1:11-cv-148, 2012 WL 5269060, at *9 (S.D. Ohio Oct. 23, 2012). A "willful filing" connotes a "voluntary, intentional violation of a legal duty." *Gidding I*, 2015 WL 6871990, at * 6 (citing *Vandenheede v. Vecchio*, 541 Fed. Appx. 577, 580 (6th Cir. 2013)). Violations based on a good faith misunderstanding of one's legal obligations cannot be willful, even if that misunderstanding is arguably unreasonable. *See Sigurdsson*, 2013 WL 12121866 at, *11 (citing *United States v. Collins*, 920 F.2d 619, 622-23 (10th Cir. 1990)). Thus, even if Zurich's information return were inaccurate, Plaintiff has not shown that a genuine issue of fact exists as to whether Zurich filed the return willfully, as opposed to erroneously or negligently, as the uncontroverted evidence suggests that Zurich's filing of the information return conformed to routine company practices and was motivated by an interest in complying with the law. *See generally* Blake-Smith Decl. ¶¶ 3-4. Because Plaintiff fails to present evidence sufficient to create an issue of fact on this point, summary judgment is appropriate.

## I. CONCLUSION

For the foregoing reasons, Zurich's motion for summary judgment is **GRANTED**. The clerk is directed to enter judgment in favor of Zurich and close the file.[4]

**IT IS SO ORDERED.**

Dated: 8/8/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] The Court also denies Plaintiff's unreasonably late motion for leave to amend in order to add a defendant to a claim dismissed by the Court on August 2, 2016. Dkt. Nos. 96, 119. While "leave to amend shall be freely granted when justice so requires," *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (internal marks omitted), Plaintiff offers no justification as to why the Court should allow amendment at this late stage, where the motion for leave was filed after the present motion for summary judgment was fully briefed, and granting Plaintiff's motion would unduly prejudice Zurich. *See Schlachter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)), *overruled on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment."). Furthermore, amendment would be futile, as the Court previously dismissed the relevant claim "with prejudice both as to Zurich and the John Doe defendant that Plaintiff names under this claim as Zurich's agent." Dkt. No. 96 at 13. For that reason, the Court also denies Plaintiff's pending motion for reconsideration, which raises no arguments that could change the Court's previous analysis. Dkt. No. 118.